UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:19 CR 00312 CDP |
| v. ) | |
| ) | |
| STEVEN V. STENGER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Reginald Harris, Attorney for the United States Acting under Authority Conferred by 28 U.S.C. Section 515, and Hal Goldsmith, Assistant United States Attorney for the Eastern District of Missouri, and for its brief Response to Defendant's Sentencing Memorandum (Doc. 46), states to this Honorable Court as follows:

1. Defendant suggests that this Court should exercise leniency in his sentencing due to his efforts at paying restitution prior to his sentencing hearing. However, the cases relied upon by defendant are fraud cases, where the defendants defrauded other individuals and entities out of specific known quantities of money. None of those defendants were public officials, as defendant Stenger is, charged with depriving his constituents of their right to his honest services. That's a significant distinction, as it is much more difficult, if not impossible, to quantify the actual harm in an honest services fraud case than in a fraud case where the dollar amount of loss is easily calculable. Here, the $130,000 involved in the illegal contract provided to Stenger's donor John Rallo does not come close to identifying the overall harm caused to the residents of St. Louis County over the four years of defendant's honest services fraud scheme. In no way

1

should defendant's restitution payment be considered "payment in full" for the intangible harm he has caused through his criminal scheme. A more applicable fraud case which involved a public official, the Fire Chief of the St. Clair, Missouri and Ladue, Missouri Fire Departments, resulted in a sentence within the mid-range of the applicable sentencing guideline range, without a variance, despite the fact that the defendant had paid substantially all of the approximately $600,000 in restitution prior to his sentencing. *United States v. Hinson*, 4:13-CR-00010-ERW. This is not simply a monetary fraud case, and defendant Stenger's sentence should be determined in the true context of what it is; public corruption.

2. Defendant also points to his status as a first offender as a basis for leniency. The sentencing guidelines, however, have already taken that factor into consideration, and it does not merit further consideration by this Court. Needless to say, the vast majority of publicly elected officials are first offenders, and if every one of them were to be given additional benefit as a result of that status, the sentencing guidelines would become meaningless, and the serious harm caused by the corrupt actions of our public officials would be ignored.

3. The government set out a number of facts in its Sentencing Memorandum. Defendant, through counsel, has stipulated to the accuracy of those facts, and has not contested those facts. Thus, this Court can consider and rely upon those additional facts in fashioning an appropriate sentence in this case. Defendant asks this Court to sentence him at the low end of the sentencing guideline range. The government submits that, based upon all of the facts and circumstances in this case, a sentence at the high end of the sentencing guideline range is more appropriate to address the scope, breadth and harm caused by defendant's criminal conduct.

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to an appropriate term of imprisonment at the high end of the advisory guideline range,

without a downward variance, and for such other relief as this Court deems appropriate and just under the circumstances.

                         Respectfully submitted,

                         REGINALD HARRIS
                         Attorney for the United States
                         Acting Under Authority Conferred by
                         28 U.S.C. Section 515

                         *s/ Hal Goldsmith*
                         HAL GOLDSMITH #32984
                         Assistant United States Attorney
                         111 S. 10 Street, Room 20.331
                         St. Louis, Missouri 63102
                         (314) 539-2200

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 6, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

                         */s/ Hal Goldsmith*
                         HAL GOLDSMITH
                         Assistant United States Attorney